EDWARD J. DUNLAP, appellant, *v.* HENRY ENNIS, appellee.

*Appeal from Morgan.*

A. sued B. before a Probate Justice of the Peace. The summons in the cause concluded thus: "Given under my hand and seal at my office in Jacksonville, this 27th day of November, 1845. Mat. Stacy, P. J. P. [Seal.]" Judgment was rendered against the defendant by default, and he appealed to the Circuit Court, where a motion was made to dismiss the case, because the Probate Justice had not affixed his seal of office to the original summons, but the motion was denied: *Held,* that the motion was properly denied. Under the existing law relating to Probate Courts, the powers of the Probate Justice are of a two-fold character: *first,* he is to preside over the Probate Court, and perform the duties imposed on that Court; and *second,* he is vested with the jurisdiction of a justice of the peace in civil cases. The statute requiring the Probate Court to keep a seal, when acting in the capacity of Probate Justice merely, he must annex such seal to his process and certificates; but when only exercising the powers of a justice of the peace, he is not required to use the official seal.

THIS was an appeal to the Circuit Court of Morgan county from the Probate Justice of the Peace, who issued a summons in the case, but did not attach thereto his seal of office, but affixed [Seal.] at the end of his signature. The summons was served upon the defendant below, Dunlap, and a judgment by default was rendered against him, for $70·22.

In the Circuit Court, at the May term 1846, the Hon.

Samuel D. Lockwood presiding, the defendant entered a motion to quash the summons issued by the Probate Justice of the Peace, and dismiss the proceedings, because it did not issue under the seal of said Probate Court, as required by law. The motion was overruled, and a judgment was rendered against the defendant for $72·31 debt and interest, and five per cent. damages, ($3·61,) in addition thereto.

The refusal to dismiss the suit and quash the writ, and the rendition of the judgment aforesaid, were assigned for error in this Court.

*M. McConnell*, for the plaintiff in error.

The Probate Court is required to have a seal. Rev. Stat. 427, § 8.

All kinds of process issued by him *must* be under the seal of said Court. Ib. 428, § 16.

If there is no public seal, his private seal will answer. Ib. § 11. Those laws are positive upon the subject, and admit of no misconstruction.

All process issuing without seal from a Court having a seal is void. *Boal* v. *King*, 6 Ham. 11.

As to what is a seal, see *Warren* v. *Lynch*, 5 Johns. 239. A scrawl or ink, in the place of a seal, does not constitute a seal. *Perine* v. *Cheesman*, 6 Halsted, 174; 5 Johns. 259; *State* v. *Vaughn*, Harper, 213; *Filkins* v. *Brockway*, 19 Johns. 170.

*H. Dusenbury*, for the appellee, admitted the general doctrine, that "all process issuing without a seal, from a Court of record having a seal, is void," but insisted that this doctrine does not apply to Probate Justices of the Peace, when acting, in the State of Illinois, in the capacity of justices of the peace.

The Probate Justice of the Peace is, by the statute laws of Illinois, created a duplex officer. He is required to act as a Probate Judge, and also as a justice of the peace. When acting in the ministerial character of Probate Judge, his powers and duties are, by the Revised Statutes, plainly de-

fined, and the writs which issue from his Probate Court must issue under his official seal. His other character is that of an ordinary justice of the peace. In this, he is invested with the same powers and jurisdiction in civil cases which are conferred by law upon other justices of the peace, and, in the exercise of such powers and jurisdiction, the same rules of law which are applicable to ordinary justices of the peace are applicable to the said Probate Justices of the Peace, and to all proceedings before them growing out of such power and jurisdiction. Rev. Stat. 427, § 4.

The writ of summons is in the form required by the statute. Ib. 317 § 21. A scrawl has the same effect as a seal. Ib. 421, § 56.

The appellant cannot here take any exception to the form or service of the original summons which he could not take on the trial of the appeal in the Court below. Ib. 325, § 66.

The defendant below was entitled to his damages, in consequence of the delay. Ib. 421, § 57.

The Opinion of the Court was delivered by

TREAT, J. This suit was commenced before the Probate Justice of the Peace of Morgan county by Ennis against Dunlap, to recover the amount due on a promissory note for $70, made by the latter to the former, bearing date the 11th of November, 1844. The summons was in the usual form, concluding thus: "Given under my hand and seal, at my office in Jacksonville, this 27th day of November, 1845. Mat. Stacy, P. J. P. [Seal.]" It was served on Dunlap, and a judgment by default was rendered against him for $70·22, from which he appealed to the Circuit Court. In the latter Court, he entered a motion to dismiss the case, because the Probate Justice had not affixed his seal of office to the original summons. The motion was denied, and the judgment of the Probate Justice affirmed.

The decision of the Circuit Court, overruling the motion to dismiss, is assigned for error. It is insisted that the summons was void, for the want of the official seal of the Probate Justice. For a correct determination of this question,

Dunlap *v.* Ennis.

it will be necessary to look into the constitution of the Court of Probate as at present organized. Formerly, this Court was held by an officer styled the Judge of Probate, who, in the exercise of the functions of his office, was limited to matters strictly appertaining to the Court of Probate. This Court was abolished, and its powers and jurisdiction were transferred to the present Court of Probate, established in its stead; and the office of Probate Justice of the Peace was created to discharge the functions of the new Court. This officer now exercises all the powers formerly vested in the Judge of Probate. The present Court of Probate, like the one which preceded it, is required to have a public seal, and to issue its process and certify its proceedings under such seal, except where no seal has been provided for the Court, when the private seal of the Probate Justice may be substituted. See the 8th and 11th sections of the 85th chapter of the Revised Statutes. In addition to the powers formerly possessed by the Judges of Probate, the Probate Justices are "vested with the same powers and jurisdiction in civil cases which are or shall be conferred by law upon other justices of the peace, and in the exercise of said powers and jurisdiction, the rules of law, which are or shall be applicable to ordinary justices of the peace, shall be applicable to the Probate Justices of the Peace hereby created, and to all proceedings before them, growing out of such power and jurisdiction." Ib. chap. 85, § 4. It is manifest that the powers of the Probate Justice are of a two-fold character, for, first, he is to preside over the Probate Court, and perform the duties imposed on that Court; and, second, he is vested with the jurisdiction of a justice of the peace in civil cases. The two classes of powers, although conferred on the same officer, are distinct in their nature, having no necessary connection with each other. While he is acting in the capacity of Judge of the Probate Court, the process and proceeding thereof must be issued and certified under the public seal, or under his private seal if no seal has been provided for the Court. The seal required by the statute is the seal of the Probate Court, and

not of the officer holding the Court; and he need only make use of the seal when he is discharging the duties properly pertaining to the Court. When he is exercising the jurisdiction of an ordinary justice of the peace, he is to be governed by the rules applicable to that officer. A justice of the peace has no seal of office, and when the Probate Justice is acting in that capacity, he need not affix the seal of the Probate Court to his process. The 21st section of the 59th chapter of the Revised Statutes prescribes the form of the summons to be issued by justices of the peace, and the process in the present case pursues the form precisely. The subject matter of this case was clearly within the jurisdiction of a justice of the peace; and neither of the parties being an administrator or executor, the Probate Court had no jurisdiction whatever over it. The Probate Justice, in taking cognizance of the case must, therefore, have acted in the capacity of a justice of the peace. His proceedings have been regular, and the Circuit Court decided correctly in refusing to dismiss the case, and in affirming the judgment.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*